UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AGNES KOLE, | : | |
| Plaintiff, | : | CIVIL NO. 3:03CV1027(WWE) |
| v. | : | |
| WARDEN KUMA DEBOO, ET AL., | : | |
| Defendants. | : | February 19, 2004 |

## NOTICE OF SUBSTITUTION

PLEASE TAKE NOTICE that pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, §§ 5, 6, Pub. L. No. 100-694, 102 Stat 4563 (1988) (commonly known as the "Westfall Act" or the "Liability Reform Act" and codified at 28 U.S.C. § 2679), the United States is hereby substituted for individual defendants Kuma J. Deboo, Warden, Federal Correctional Institution, Danbury, Connecticut;  Mark Staiger, Counselor, Federal Correctional  Institution, Danbury, Connecticut ; and Merry R. Wilner, Unit Manager, Federal Correctional  Institution, Danbury, Connecticut; with respect to plaintiff's claims for relief arising under state law.  In support of this substitution, the Government represents as follows:

1. Plaintiff alleges in the complaint that Warden Deboo upheld a decision by Counselor Staiger and Unit Manager Wilner to take funds from Ms. Kole's commissary account.  Plaintiff further alleges that Counselor Staiger and Unit Manager Wilner issued threats and coerced Ms. Kole. (Complaint, ¶ IV)

2. The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, as amended by section 5 of the Westfall Act, provides that a suit against the United States shall be the exclusive

remedy for persons with claims for damages resulting from negligent or wrongful acts or omissions of federal employees taken within the scope of their office or employment. *See* 28 U.S.C. § 2679(b)(1).

3.  Section 6 of the Westfall Act provides that upon certification by the Attorney General that a federal employee was acting within the scope of his or her office or employment at the time of the incident out of which a claim arises, any civil action arising out of the incident shall be deemed an action against the United States, and the United States shall be substituted as the sole defendant with respect to those claims. *See* 28 U.S.C. § 2679(d)(1).

4.  Pursuant to the Attorney General's delegation of his certification authority, *see* 28 C.F.R. § 15.3(a), United States Attorney Kevin J. O'Connor, District of Connecticut, has certified that at the time of the conduct alleged in the complaint, Warden Deboo, Counselor Mark Staiger, and Unit Manager Merry R. Wilner were acting within the scope of their employment as employees of the United States. The Certification of Scope of Employment is attached hereto.

FOR THE FOREGOING REASONS, the United States has been substituted by operation of law as the sole defendant with respect to plaintiff's claims for relief arising under state law. A proposed order reflecting the substitution of the United States and dismissing plaintiff's claims for relief arising under state law against Warden Deboo, Counselor Staiger and Unit Manager Wilner is also attached hereto.

Respectfully submitted,

Kevin J. O'Connor
United States Attorney



Christine Sciarrino
Assistant United States Attorney
United States Attorney's Office
P.O. Box 1824
New Haven, CT   06510
(203) 821-3700
Federal No. CT03393

<u>Certification</u>

      This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 19th day of February, 2004, to:

Agnes Kole
Inmate # 18423-050
FCI
Pembroke Station
Danbury, Connecticut    06811


                                                                _____
                                                                Christine Sciarrino

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AGNES KOLE, | : | |
|     Plaintiff, | : | CIVIL NO. 3:03CV1027(WWE) |
| v. | : | |
| WARDEN KUMA DEBOO, ET AL., | : | |
|     Defendants. | : | |

## CERTIFICATION OF SCOPE OF EMPLOYMENT

I, Kevin J. O'Connor, United States Attorney for the District of Connecticut, acting in accordance with the authority vested in me by 28 C.F.R. § 15.3(a), hereby certify pursuant to the provisions of 28 U.S.C. § 2679(d)(1) that Kuma J. Deboo, Mark Staiger and Merry R. Wilner were acting within the scope of their federal employment with regard to all conduct relating to the plaintiff, as alleged in the Complaint.

Dated at New Haven, Connecticut, this _____ day of January, 2004.

 

_____
KEVIN J. O'CONNOR
UNITED STATES ATTORNEY
DISTRICT OF CONNECTICUT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AGNES KOLE, | : | |
| Plaintiff, | : | CIVIL NO. 3:03CV1027(WWE) |
| v. | : | |
| WARDEN KUMA DEBOO, ET AL., | : | |
| Defendants. | : | |

**ORDER OF SUBSTITUTION**

The Court, having been appraised of the Attorney General's certification of scope of employment, through his designee, United States Attorney Kevin J. O'Connor, District of Connecticut, pursuant to section 6 of the Federal Employees Liability and Tort Compensation Act of 1988, Pub. L. No. 100-694, 102 Stat. 4563, as codified at 28 U.S.C. § 2679(d)(1), it is hereby ORDERED:

The caption of this civil action shall be and hereby is amended to reflect the substitution of the United States as a party defendant;

As the United States has been substituted by operation of law for the named individual defendant as to plaintiff's claims for relief arising under state law as against defendants Kuma J. Deboo, Mark Staiger and Merry R. Wilner are hereby DISMISSED.

ORDERED at Bridgeport, Connecticut, this _____ day of _____, 2004.


_____
HONORABLE WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE