UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AGNES KOLE, | : | |
| Plaintiff, | : | CIVIL NO. 3:03CV1027(JBA) |
| v. | : | |
| WARDEN KUMA DEBOO, ET AL., | : | |
| Defendants. | : | May 24, 2004 |

DEFENDANTS' REPLY TO MEMORANDUM
IN OPPOSITION TO MOTION TO DISMISS

The United States hereby files its reply to Ms. Kole's opposition[1] to the Defendant's motion to dismiss. This Reply is submitted in accordance with this District's Local Rule 7(d).

1. Due process claim

The plaintiff states in the first sentence of the Argument portion of her memorandum, at Page 3, that "her due process rights was [sic] violated". This is the first time that Ms. Kole has raised this allegation. No due process claim is contained in her Complaint. To the extent that any merit is given to Ms. Kole's bare assertion of a due process claim in her memorandum, the Defendants respectfully rely on Footnote 11 of their memorandum in support of motion to dismiss.

2. The Fair Debt Collection Practices Act ("FDCPA")

The plaintiff, for the first time, makes a general reference to the FDCPA in the last sentences at Pages 3 and 4 of her memorandum. Ms. Kole however, does not allege any specific

---

[1] The *pro se* plaintiff entitled her opposition memorandum as "Memorandum of Law in Support of Plaintiff Motion Under the Civil Rights Act Title 42 Section 1983 USC c".

violation of the FDCPA.  Even if it can be inferred that Ms. Kole's passing reference to the FDCPA somehow raises a claim under the Act, such a claim must fail because the FDCPA is not applicable to this case, based upon the following reasons.

First, the definition portion of the FDCPA, at 15 U.S.C. § 1692a(5) defines "debt" as:

> [A]ny obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for persona, family, or household purposes, whether or not such obligation has been reduced to judgment.

Here, Ms. Kole's debt consists of a criminal fine, and clearly does not fall within the meaning of a consumer debt.

Secondly, and more importantly, the FDPCA *exempts* the actions of Department of Justice employees, including the Defendants, from being bound by the FDCPA requirements. Specifically, 15 U.S.C. § 1692a(6)(C) states that the term "debt collector" within the meaning of the FDCPA "does not include– any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties".

Thus, the protections afforded consumers under the FDCPA are simply not available to Ms. Kole in relation to the payment of her criminal fine.

3. <u>Fine will be satisfied during period of incarceration</u>

Ms. Kole advocates in the "Conclusion" portion of her memorandum, at Page 4, that $700.00 should be returned to her commissary account since the fine will nevertheless be satisfied by her release date, even if $700.00 is returned.  While this argument may have some equitable appeal, it ignores some important and controlling legal principles.

First, the Judgment and Commitment Order at page 4 (Exhibit 3 to the Defendants' memorandum in support of motion to dismiss) orders that Ms. Kole's fine be paid:

> [I]n installments according to the following schedule of payments: While incarcerated the defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program. When released, and as a condition of supervised release, any unpaid balance of the fine shall be paid in monthly installments as determined by the U.S. Probation Office.

Thus, the District Court that sentenced Ms. Kole contemplated that she pay her fine by participating in the IFRP. This part of the District Court's judgment follows the Congressional intent that fines be paid in the shortest time possible, as expressed in 18 U.S.C. § 3572(d). More importantly, pursuant to 18 U.S.C. § 3572(d)(3), a court may *sua sponte* require immediate payment of the fine depending upon the defendant's ability to pay. Ms. Kole is hard-pressed to argue that she did not have an ability to satisfy her criminal fine in full long ago, when over $25,000.00 has been deposited in her commissary account while incarcerated. *See* Footnote 6 to Defendants' memorandum in support of motion to dismiss. Clearly though, Ms. Kole did have the ability to pay $700.00, as she voluntarily agreed to do.

Finally, Ms. Kole's request that $700.00 be "returned to her" ignores the fact that the Bureau of Prisons no longer possesses any of the payments applied to Ms. Kole's fine. As previously articulated at Footnote 9 and Page 27 of the Defendants' memorandum in support of motion to dismiss, Ms. Kole's fine payments can not be "returned" since they have already been *distributed* to victims of crime. If Ms. Kole were to prevail in this matter and the Defendants were ordered to return $700.00, it is likely that payment would be made from the United States Treasury. Yet all of Ms. Kole's fine payments are required by statute to be deposited into the

Crime Victims Fund. Thus, the Treasury would never be reimbursed by Ms. Kole, and moreover, Ms. Kole would receive a $700.00 windfall.

## Conclusion

Based upon all the reasons previously articulated in the Defendants' memorandum in support of motion to dismiss, as well as the arguments contained in this Reply, the Defendants maintain that the Complaint should be dismissed.

>Respectfully submitted,
>
>Kevin J. O'Connor
>United States Attorney
>
>
>Christine Sciarrino
>Assistant United States Attorney
>United States Attorney's Office
>P.O. Box 1824
>New Haven, CT 06510
>(203) 821-3700
>Federal No. CT03393

<u>Certification</u>

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 24th day of May, 2004, to:

Agnes Kole
Inmate # 18423-050
FCI
R# 37 Pembroke Station
Danbury, Connecticut    06811

_____
Christine Sciarrino