MAY 18 2004

United States District Court
District of Connecticut
FILED AT
5/18/04
By: _____

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

AGNES KOLE

    Plaintiff,

v.

WARDEN KUMA DeBOO etal,

    Respondent,

Civil No. 3:03 CV 1027 (WWE)

---

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF

MOTION UNDER THE CIVIL RIGHTS ACT TITLE

42 SECTION 1983 USC c

---

AGNES KOLE, Pro se
#18423-050 Unit A-1
Federal Correctional Institution
R#37 Pembroke Station
Danbury, Connecticut 06811

HISTORY:

On June 19, 1996, a judgement and commitment order was ordered by the United States District Court of New Jersey, on behalf of the Plaintiff Agnes Kole. On this order tthe Plaintiff was committed to the Department of Justice Bureau of Prisons for a term of 240 months. In addition to the incarceration the Plaintiff was ordered to pay a fine of $4,000.00, to offsett her incarceration and an assessment fee of $50.00.

Upon arrival at Danbury Federal Correctional Institution (FCI) Plaintiff Kole was notified by the Unit Team which includes: Mr. Staiger, Mr. Cowan, and Ms. Wilner, that she would have to participate in an Inmate Finicial responsibility Program (IFRP) to require Ms. Kole in meeting her finincial responsibility. An arrangement was made and was sett in place, six months after the arrangment was activated Plaintiff Kole met with the Unit Team as (2/97) Plaintiff Kile was told that she was making the payments as ordered and the contract was still in effect and everything is all right.
In 1998 Plaintiff Kole started working in unicor and a new contract was put in to effect which amount to 50% of Plainttiff Kole's Unicor pay. Plaintiff Kole's had not yet recieved notice of her appeal but was eagered to fullfil her responsibilities IFRP. While Plaintiff Kole family members sent funds from out of the country to pay for her attorney who was handling her case, Plaintiff Kole
would fill out the necessary forms and have a check sent from her account from the centeral office to her attorney. On March 2002 Plaintiff Kole, wa present at her bi-yearly reveiw where Plaintiff Kole initiated the issue that the fund thatt was agreed upon was not being deducted out of her account.
Plaintiff Kole was told by her Unit Team Staff that she was on track (see Attached #1) and was given by her Unit Team assessment copy stating that balance was $3289.40, which suggested that the Plaintiff had paid off a total of $711.00 thus far.

1.

Due to the statement and the written verification that the Plaintiff Kole recieved at her bi-yearly Unit Team meeting the Plaintiff Kole, was given ever reason to believe that all was well and that she was abidding by BOP Policy. Six months later September 2002, Plaintiff Kole was notified at her bi-yearly Unit Team that she had to sign another agreement, because of the amount of money being deposited into her account. She was told that a lump sum of $700.00 dollars was required for the new contract which will state the same thing that 50% of her unicor pay will be deductedat that time Plainttiff Kole revoltted and ask that the standing contract continue and stated that the funds being deposited into he into her accountt is to pay her atttorney (documents is availabl upon request to FCl Danbury). The unit Team at that time told Plaintiff Kole if she refused to sign the new contract she will be place on FRP Refusal which would entail:
1. The lost of her unicor job.
2. The job assignment which she will be given will be in the yard (which is harmful to the Plaintiff).
3. She would only recieve a pay of $5.25 per month.
4. She would be place out of the unit she lives in to a BUS STOP that has no windows and 10-12 beds per room.
5. Commissary spending would be set at least $25.00 per month with only hygiene items only.

So therefore, with such cocerion Plaintiff Kole considered the whole situation and signed the contract. And notified Unit Team she would appeal this.
Plaintiff Kole, filled her 8 1/2, 9, 10, and 11 to the Regional Office to no avail. (see Attached).

2.

ARGUMENT:

Plaintiff Kole, argue that her due process rights was violated and request that the court order FCI Danbury to return the lump-sum amount of $700.00 and abidd by the original contract of 50% of her unicor pay.

Not once of Plaintiff Koles actions demonstrated that she has no attention of paying the Court ordered fine. Plaintiff Kole repeatly inquire with the Unit Team in regards to her fine deduction and tthe answers was always the same that she was well on "Track", e everything was alright. Plaintiff Kole has no other means besides her Unit Team to know whether her fine was being deducted as agreed. Plaintiff Kole depended on the information that the Unit Team gave her. Plaintiff Kole had Motion in Court made no attempt to stop deduction. She notified Unit Team of her change in job (unicor) She then signed another contract stating 50% of her unicor pay would be taken and go on her fine. Never once requesting that the deduction should come to a halt.

Neverthless, the procedure when an inmate makes the notification of "court challenges" is that Inmate deduction will Stop Only when proff of what the inmate statement is verified which is the responsiblity of the Unit Team for inmate words do not carry much weight with out proof.

When the Unit Team came to see they mistake, the Unit Team in hast tried to justified their mistake and coerce Plaintiff Kole into signing an agreement of $700.00 that would aid in convering up the fact that they fail to deduct the agreed amount, and it now the sum of $711.00 was needed to show thatt they were infact doing their job correctly. TThe cocercion took place when the Unit Team threaten if the Plaintiff fail to sign the agreement (sum $700.00) she would be place on FRP Refusal which wuld entail strict conditions. The Fair debt collection act of 1990 under the USCA 15 1692 d states:

3.

Harrasment and abuse - the use of threat or use of violence or o
other criminal means to harm the physical person reputation, or
property of any person . . .is in violation of this said act
BIEBER V. ASSOCIATED COLLECTION SERVICE INC. 631 F.Supp. 1410.

Due to the fact that the United States District court's (New Jersey
Division) Judgement and Committment order noted that the Plaintiff
inable to pay plays an important issue. It assures that the district
court by no means intended the family of the convicted individual
to be made responsible this debt belong sole to the inmate and the
means of how the inmate pays it lies on the shoulders of the Bureau
of Prisons. For the job that inmate holds and amount that inmates
make is up to the B.P.O.. When the Unit Team stated to Plaintiff
Kole due to the fact of the amount ouf outside funds being deposited into
her account she should now pay a lumpsum of $700.00 that was infact
acting as if the responsibilty of payment of the debt was upon the
inmates family which was undoubtly wrong. If the court intended
to burden the family with the fine itt would have keptt the fine
as it should have been without the alotment of the amount.

CONCLUSION"

    Plaintiff Kole reiterates thatt she simply would like the Court
to order the Bureau of Prisons (FCI Danbury) to put back the lump
sum amount of $700.00 and go back to the orginial contract.
It was not due to Plaintiff that the deduction amount agreed (50%
of unicor pay) was not alminstered it appeared to be an administrative
glicke and should be treated as so with no penalty to the Plaintiff.
Plaintiff Kole should not have to suffer by making a lump sum payment
of $700.00. She has approximately 120 months remaining on her
sentence and if the contract is followed there is no forseeable
reason why Plaintiff Kole will not be pay before release.
Due to the fact tthat FCI Danbury's Unit Team cocerce and
intimdated Plaintiff Kole by utlizing the consequences of FPR
Refusal which violated the FDCA 1990, she should not have to bear
the lump.

page 5.

Sum amount in order to continue her original agreement the Plaintiff prays that the Honorable Court would order the BOP FCI Danbury to refund the fund of $700.00 and honor the original agreement of which every the Honorable Court deem necessary in Plaintiff's favor. Enclosed is the original copy of my Program Review Report dated 3/14/04. Please take note of FRP Plan/Progress that the (BOP) altered, this is their own copy that they sent to you, that I believe you already have it.

                        Thank You

                        Respectfully yours,

                        Agnes Kole.

## CERTIFICATE OF SERVICE

I CERTIFY THAT A TRUE DOCUMENT WAS MAILED THIS DATE, __May 12, 2004__, 200__, BY FIRST CLASS POSTAGE PREPAID U.S. MAIL AND DEPOSITED IN THE INSTITUTION MAIL BOX TO THE FOLLOWING ADDRESSE(S)

CLERK U.S. DISTRICT COURT

U.S. COURTHOUSE

915 LAFETTE BOULEVARD

BRIDGEPORT, CT. 06604


AGNES KOLE

UNIT A-1 #18423-050

Federal Correctional Institution

R#37 Pembroke Station

Danbury, Connecticut 06811


SO SERVED,

_____