UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Agnes Kole | : |
| | :     PRISONER |
| v. | :     CASE NO. 3:03cv1027(JBA) |
| | : |
| Kuma Deboo, et. al. | : |

**Ruling on Defendants' Motion to Dismiss [Doc. #13]**

Pro se plaintiff Agnes Kole, incarcerated at FCI Danbury, claims defendants deprived her of property without due process in violation of the Fifth Amendment to the United States Constitution by coercing her to pay $700.00 received from sources outside of prison towards her court imposed fine under threat that failure to do so would result in refusal status for her inmate financial responsibility program ("IFRP") and attendant limitation on job assignment, compensation potential, commissary spending, and housing assignment.[1] When Kole agreed to participate in the IFRP in 1996, she was informed only that she would be required to pay half of her monthly prison wages towards

---

[1] Kole's complaint does not specify her cause or causes of action other than being titled as a complaint made under 42 U.S.C. § 1983, which is plainly inapplicable as Kole has sued only federal officers. Understanding Kole represents herself, the Government's moving papers construed Kole's complaint with great breadth, discussing multiple possibilities, 42 U.S.C. § 1983, Bivens Due Process Claim, Federal Tort Claims Act, the Tucker Act, and the Little Tucker Act. Presented with this menu, Kole filed an opposition identifying her claim as a due process violation and citing violation of the Fair Debt Collection Practices Act ("FDCPA") as support for her claim that defendants' coercion ran afoul of her constitutional right to due process. See Opp'n [Doc. #24] at 3. Under these circumstances, the Court understands Kole's claim to be one of procedural due process. The Court notes that Kole has no claim in any event under the FDCPA as it covers consumer debt, see 15 U.S.C. § 1692a(5), which Kole's criminal fine is not, and does not apply to officers or employees of the Unites States collecting debts in the performance of official duties, see 15 U.S.C. § 1692a(6)(C), which is the conduct of which Kole complains.

her fine,[2] information consistent with but perhaps misleading in light of the broader regulatory scheme promulgating IFRPs, which prescribes monthly payments of half an inmate's prison wages as a <u>minimum</u> and explicitly provides for larger payment amounts commensurate with the inmate's obligations and resources, the latter of which explicitly includes both prison account resources <u>and community resources</u>. <u>See</u> 28 C.F.R. § 545.11(b). In 2002, it was discovered that Kole had not made a monthly payment towards reducing her fine for four years. Defendants accordingly told Kole that to maintain participating status in her IFRP she would be required to make a one time lump sum payment of $700.00, a portion of the funds already in her prison account, and resume monthly payments of half her prison wages towards reducing her fine. This kind of action by prison officials is specifically contemplated and authorized by regulation. <u>See id.</u> Kole was told that refusal to make the lump sum payment and agree to resume monthly payments would result in refusal status and attendant loss of her job assignment, compensation level, commissary spending limit, and housing assignment. Such revocation of privileges was not the creation of defendants' imagination but mandated by regulation. <u>See id.</u> at § 545.11(d)(3, 4, 6, 7). In her own words, "with such coercion

---

[2] The Government's motion is made pursuant to Fed. R. Civ. P. 12(b)(1) & (6) and is decided without an evidentiary hearing. Thus, Kole's facts are accepted as true.

2

Plaintiff Kole considered the whole situation and signed the contract." Opp'n [Doc. #21] at 2.

It is apparent under these facts that there was as a matter of law no due process violation. The deprivation, if any, suffered by Kole was loss of $700.00. By her own admission, <u>before the deprivation</u>, she was fully notified of the requirement of the payment, her regulatory right not to make it, and the consequences of failing to do so, and, having contemplated her options, agreed to make the payment. The notion that the procedure was somehow deficient due to coercion cannot stand against these defendants as the coercion complained of, loss of privileges for failing to participate in an IFRP, is mandated by regulation as the majority rule and not ordinarily subject to the discretion of prison officials. It is also unavailing to re-characterize Kole's claim as follows: she would not have had outside donors supply funds to her prison account if she had known that such funds could be withdrawn from the account to pay her fine in addition to funds derived from her prison wages. As noted above, the regulations permit prison officials to set payment amounts in light of an inmate's community resources without regard to whether or not those resources ever flow through the inmate's account. <u>See</u> 28 C.F.R. § 545.11(b). Finally, Kole also does not claim that she would never had agreed to the IFRP had she known that funds other than prison wages

3

could be required as payment towards her fine. Even if she did, however, that is the very choice she was faced with in 2002, after reaping the benefits of six years in the IFRP, and she elected to retain the benefits. Accordingly, the Government's motion [Doc. #13] is GRANTED. The clerk is directed to close this case.

                                        IT IS SO ORDERED.

                                        _____
                                        Janet Bond Arterton
                                        United States District Judge

Dated this 23rd of July, 2004 at New Haven, Connecticut.